J-S01043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEREMY HEATH BARNEY :
:
Appellant : No. 976 MDA 2023

Appeal from the PCRA Order Entered June 23, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005676-2012

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED AUGUST 02, 2024**

Jeremy Heath Barney,[1] *pro se*, appeals from the order denying his
"Motion to Correct the Record." We quash.

A detailed recitation of the facts is unnecessary to the disposition of this
appeal. Briefly, after representing himself in front of a jury, Barney was found
guilty of, *inter alia*, involuntary deviate sexual intercourse with a child and was
sentenced to twenty-to-forty years of incarceration. This Court affirmed his
judgment of sentence in 2015, and our Supreme Court denied his petition for
allowance of appeal that same year. ***See Commonwealth v. Barney***, No.
1460 MDA 2014 (Pa. Super., filed Mar. 27, 2015), *appeal denied*, 120 A.3d

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We use the spelling of Barney's first name as indicated in the case caption,
but we note that Barney refers to himself as "Jermey" and the lower court
identifies Barney as "Jeremey" in its Pa.R.A.P. 1925(a) opinion.

1064 (Pa. 2015).

In 2016, Barney filed a *pro se* petition pursuant to the Post Conviction Relief Act, and counsel was appointed thereafter. **See** 42 Pa.C.S. §§ 9541-46 ("PCRA"). Despite a protracted series of legal proceedings,[2] the lower court never addressed the bulk of the issues contained in the 2016 PCRA petition, nor did it file Pa.R.Crim.P. 907 notice about its intention to dismiss the matter. In 2022, Barney filed an application seeking clarification of the status of the petition. The lower court denied this application and, that same day, indicated that his petition had been denied "by operation of law" when he was resentenced in 2018.

Thereafter, Barney filed a *pro se* notice of appeal seeking appellate resolution of his 2016 PCRA petition, which was docketed in this Court at 1494 MDA 2022. We initially remanded to establish whether Barney wished to proceed *pro se* pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and later, in our final disposition of the appeal, remanded for the lower court to enter an order either granting or denying the outstanding claims in his 2016 PCRA petition.

---

[2] During the pendency of his PCRA review, Barney was resentenced in 2018 in accordance with **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016) (holding that ten-year mandatory minimum sentence for involuntary deviate sexual intercourse conviction was unconstitutional). Ultimately, this Court affirmed his new judgment of sentence, which was identical to the sentence originally imposed, and our Supreme Court denied his petition for allowance of appeal. **See Commonwealth v. Barney**, 241 A.3d 428 (Pa. Super. 2020) (unpublished memorandum), *allocatur denied*, No. 76 MAL 2021 (Pa., filed July 7, 2021), *cert. denied*, 142 S.Ct. 1455 (U.S., filed April 4, 2022).

In June 2023, following the *Grazier* hearing and prior to our second remand, Barney filed identical motions seeking a "correction of the record" with both this Court in the 1494 MDA 2022 appeal as well as with the lower court. While this Court did not rule upon Barney's motion at 1494 MDA 2022, the lower court entered an order denying Barney's motion on June 23, 2023, which is presently on appeal.

In his motion, Barney seeks to change two docket entries to reflect what he contends are more accurate descriptions of the documents he filed and to remove specifically named former counsel "from receiving any of the filings[,] documents[,] and orders" because that attorney "has not been [his attorney] since 2015." Motion to Correct the Record, 6/11/23.

Prior to addressing the merits of this appeal, we first address the appealability of the lower court's order. Generally, an appeal only may be taken from a final order, unless otherwise permitted by rule or statute. *K.M.G. v. H.M.W.*, 171 A.3d 839, 842 (Pa. Super. 2017). A final order is one that disposes of all the parties and all the claims, is entered as a final order pursuant to the trial court's determination, finally disposes of a PCRA petition, or grants sentencing relief on a PCRA petition and otherwise disposes of the petition. *See* Pa.R.A.P. 341(b), (c), (f).

Here, the lower court's June 23, 2023 order did not finally dispose of Barney's 2016 PCRA petition, which was on appeal at that date and was subsequently remanded to the lower court for its resolution and remains pending as of the date of issuance of this memorandum. Furthermore, the

order the lower court did not designate it as a final order under Rule of Appellate Procedure 341(c).

Barney's motion was ostensibly filed pursuant to Rule of Appellate Procedure 1926, which provides that an appellant may file an "application" to correct "anything material to a party [that has been] omitted from the record by error … or is misstated therein." Pa.R.A.P. 1926(b)(1). However, Rule 1926 envisions that the correction occurs ancillary to an appeal. ***See id.*** (stating that when the trial court makes a correction it "shall direct that a supplemental record be certified and transmitted" to the appellate court considering the appeal); ***Commonwealth v. Montalvo***, 244 A.3d 359, 370 (Pa. 2021) (noting that separate procedures are set forth in the Rules of Criminal and Appellate Procedure for correction of errors in trial and appellate courts)[3]; 20A West's Pennsylvania Practice, Appellate Practice § 1926:7 (2023) ("Rule 1926 provides an appellant with the opportunity to eliminate potentially troublesome impediments to appellate review by making necessary corrections or modifications to the record on appeal once the record is lodged with the appellate court."). While this Court could have acted on Barney's motion filed in the 1494 MDA 2022 appeal as a properly filed application to correct the record in that appeal, following our remand for further PCRA

---

[3] ***See Montalvo***, 244 A.3d at 370 (citing Pa.R.Crim.P. 115(C)); ***see*** Pa.R.Crim.P. 115, Comment ("Paragraph (C) provides a method for correcting transcripts and correcting or modifying the record before appeal by incorporating Pa.R.A.P. 1922(c) and Pa.R.A.P. 1926, which otherwise apply only after an appeal has been taken.").

proceedings and relinquishment of jurisdiction, the application was not attached to an appeal in this Court. Moreover, Rule 1926 does not authorize the filing of its own independent appeal solely to address the trial court's decision to deny a request to correct the record.[4]

Therefore, we conclude that the lower court's June 23, 2023 order was interlocutory and not subject to an immediate appeal.[5] However, Barney is not without recourse to challenge this order, as it will be made appealable by a final resolution of his 2016 PCRA petition. *See* Pa.R.A.P. 341, Comment; *K.H. v. J.R.*, 826 A.2d 863, 870-71 (Pa. 2003) (appeal from a final order draws into question the propriety of earlier non-final orders in that case).[6]

_____

[4] We distinguish the present case from that of *Commonwealth v. Pridgen*, No. 989 MDA 2023, 2024 WL 1270509 (Pa. Super., filed Mar. 26, 2024), where this Court addressed the denial of a request to correct the record as a separate appeal after we directed the appellant to seek relief in the PCRA court during the pendency of an earlier appeal, that motion was not denied by the lower court until after the appeal was resolved and therefore there was no ongoing proceeding, and the appellant had "no other means of challenging the trial court's denial of that motion." *Id.* at *1 n.1. Here, we hold only that a request for a correction of the record during a PCRA action should be litigated and appealed in the context of the PCRA matter and any appeal from the denial of the request prior to the final resolution of the PCRA matter should be deemed interlocutory.

[5] Interlocutory orders may be appealed as of right or by permission, *see* Pa.R.A.P. 311, 312, but those circumstances are not germane to the present matter.

[6] To the extent Barney raises a challenge to the June 23, 2023 order in a subsequent appeal, we direct the lower court to state the basis for its ruling on Barney's motion to correct the record in an opinion issued in response to that appeal. The Pa.R.A.P. 1925(a) opinion for this appeal merely stated that that the court "did not abuse its discretion in denying [Barney's] [M]otion to

*(Footnote Continued Next Page)*

Appeal quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>08/02/2024</u>

---

Correct the Record," without any further elaboration. Opinion, 8/18/23, at 2
(unpaginated).